UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:82-cr-7-FtM-38MRM

LARRY WHITE
_____

# ORDER[1]

Before the Court is pro se Defendant Larry White's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582 (First Step Act) (Doc. 1) and the Government's response in opposition (Doc. 4). The Court denies the Motion.

In 1989, the Court sentenced White to seven years imprisonment for gun-related charges. The next year, the Court sentenced him to forty-five years imprisonment for drug-related charges. White is incarcerated in Arizona with a projected release date in 2027. But he wants out now—moving for compassionate release under § 3582(c)(1)(A) because of the COVID-19 pandemic. As grounds, White relies on his age (sixty-six), health conditions (hypertension and anxiety), and prevalence of inmate infections (thirty percent positivity rate in his facility). The Government opposes White's early release because (1) he failed to exhaust his administrative remedies; (2) his health

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

conditions (including chronic kidney disease that White did not cite) do not impel an early release; and (3) the § 3553(a) factors weigh against any sentence reduction.

A court lacks the inherent authority to reduce a previously imposed sentence. *See United States v. Diaz-Clark,* 292 F.3d 1310, 1319 (11th Cir. 2002). So a defendant's request for a reduced sentence must be tied to a statute or rule permitting it. White relies on the compassionate-release provision of § 3582(c)(1)(A) and must establish that such release is warranted. *See United States v. Heromin,* No. 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

A court may reduce a term of imprisonment for compassionate release upon finding "extraordinary and compelling reasons," consistent with policy statements of the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Pertinent here, examples of qualifying extraordinary and compelling reasons include a defendant suffering a terminal illness or a serious medical condition that substantially diminishes his ability to provide self-care in prison and from which he is not expected to recover. *See* U.S.S.G. § 1B1.13 cmt. (n.1).

Even if an extraordinary and compelling reason exists, a court should only grant a motion for release if it determines the defendant is not a danger to the safety of any other person or to the community. *Id.* at § 1B1.13(2). The

2

court must also consider whether the § 3553(a) factors favor release. *See* 18 U.S.C. § 3582(c)(1)(A).

After reviewing the parties' arguments, record, and applicable law, the Court denies White's compassionate release for three reasons. To start, he has not exhausted his administrative remedies. A court may consider a defendant's compassionate release request either,

> upon motion of the Director of the Bureau of Prisons[("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

*Id.* at § 3582(1)(A).

An inmate may appeal the warden's compassionate-release denial through the BOP's administrative remedies program. 28 C.F.R § 571.63(a). But only a denial by the BOP's director or general counsel constitutes a "final administrative decision." *See id.* at § 571.63(b), (d). A defendant thus has not exhausted his administrative remedies under § 3582(c)(1)(A) without that final administrative decision. Here, while the Warden denied White's compassionate release request, White has not appealed that decision. (Docs. 4-1; 4-2). And while White says he also requested compassionate release from a different warden later (Doc. 2), facility records show any requests were

rejected and not appealed (Doc. 4-2). He thus has not exhausted his administrative remedies for the Court to entertain his instant motion.

Even if White exhausted his administrative remedies, hypertension and anxiety are not extraordinary and compelling reasons to grant release. Yet the Government candidly recognizes White's has a chronic kidney disease, which he did not rely on, that could substantially diminish his ability for self-care if White contracts COVID-19. All the same, White's medical ailment is not terminal. Nor does it render him incapable of providing self-care while in prison under the circumstances. Records show White is receiving adequate medical care (including medication) for any health issues. White also has tested negative for COVID-19 four time in the last three months. The record thus shows White's primary medical needs are being met and he is being protected from COVID-19 infection.

Even if White could show an extraordinary and compelling reason to warrant compassionate release, the Court will not release him because he is a danger to the community and others' safety and the applicable § 3553(a) factors weigh against his release. *See* U.S.S.G. §1B1.13(2) (allowing a court to reduce a term of imprisonment if the defendant is not a danger to the safety of any other person or to the community); *see also* 18 U.S.C. § 3582(c)(1)(A) (requiring a court to consider the applicable § 3553(a) factors in assessing compassionate release).

White was convicted for significant gun and drug charges. Before his arrest, White was apparently a fugitive for seven years while avoiding his initial gun charges. And like the Government notes, all these years later White's story is still on the Court's website as one of its most significant drug conspiracies in Fort Myers' history. White committed serious crimes (in total, eleven felony convictions) for which he received a significant punishment. While White already served a good portion of his sentence, there are still many years he has left to serve.

What's more, the Government is correct that White's inmate disciplinary history is littered with sexually related infractions over the course of his incarceration. From the Court's count, in the last five years White had over twenty separate incidents of things like indecent exposure, pleasuring himself towards female prison staff, and making sexual proposals or threats. Those types of infractions continued until as recently as two months ago. And none of that includes the many other infractions White racked up for things like refusing work assignments, falsifying statements, or refusing to obey orders. This does not inspire confidence for the Court to release White well short of his sentence ending.

At bottom, the Court finds an early release currently does not reflect the seriousness of White's crimes, promote a respect for the law, deter criminal

conduct, or protect the public from future crimes.  So for the reasons above, the Court denies White's request for compassionate release.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582 (First Step Act) (Doc. 1) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on December 30, 2020.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record