UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v. Case No.: 2:82-cr-7-SPC-NPM

LARRY WHITE

---

**OPINION AND ORDER**

Before the Court is pro se Defendant Larry White's construed motion for compassionate release. (Doc. 18). The Government filed a response in opposition. (Doc. 23). For the following reasons, the motion is denied.

In 1989, Defendant was sentenced to seven years' imprisonment based on his convictions for three counts of felon in receipt of a firearm, in violation of 18 U.S.C. § 922(h), and six counts of false statement for the purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6). (Doc. 23 at 1). In another case the following year, he was sentenced to a concurrent term of 45 years' imprisonment based on convictions for conspiracy to possess with intent to distribute heroin, cocaine hydrochloride, and 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). (*Id.*).

While imprisoned, Defendant has filed other motions to reduce his sentence. In 2020, he requested compassionate release due to his medical conditions. That motion was denied, as his medical conditions did not

constitute extraordinary and compelling reasons for release, among other reasons, including that he was a danger to the community. (Doc. 8). In his drug-related case, he moved to reduce his sentence under Section 404 of the First Step Act of 2018. *See United States v. Tape, et al.,* No. 2:88-cr-28-JES (M.D. Fla. Dec. 16, 2021) (Doc. 699). Although Defendant was eligible, the Court denied relief in part due to Defendant's "horrendous disciplinary record." *Id.* (Doc. 701 at 4). The Eleventh Circuit affirmed that decision. *See United States v. White*, No. 22-10027, 2022 WL 17409564, at *2 (11th Cir. Dec. 5, 2022) (unpublished).

Now, the Government explains that Defendant is incarcerated at USP McCreary in Pine Knot, Kentucky, is 72 years-old, and is projected to be released from the custody of the Federal Bureau of Prisons ("BOP") on October 20, 2027. (Doc. 23 at 3 (citing BOP Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed on Aug. 5, 2026))). According to the Government, as of July 24, 2026, Defendant has served 37 years, 5 months, and 24 days of his sentence, or 82% of his full term and 96.7% of his statutory term. (*Id.*). "He has an extensive disciplinary record of over 150 infractions, including incidents of exposing his genitalia to staff, stroking his genitalia while talking to staff, making sexual proposals, and masturbating towards staff." (*Id.*).

A district court may only modify a sentence "when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 97, 606 (11th Cir. 2015). One such statute is 18 U.S.C. § 3582(c)(1)(A), which permits courts to reduce a defendant's sentence if the court determines that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) sentencing factors weigh in favor of a reduction. *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021).

The applicable policy statements are contained in § 1B1.13 of the United States Sentencing Guidelines, which defines "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A). *Id.* The Guidelines provide examples of circumstances that constitute "extraordinary and compelling reasons[,]" such as the medical circumstances of the defendant, the defendant's advanced age plus length of term already served, or abuse of the defendant by someone with custody of the defendant. U.S.S.G. § 1B1.13(b)(1). There is also a catch-all provision that provides that "other circumstance[s]" can qualify as extraordinary and compelling reasons, but those circumstances must be similar in gravity to the examples provided in the Guidelines. U.S.S.G. § 1B1.13(b)(5).

The defendant bears the burden of establishing entitlement to relief under § 3582. *See United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)

(addressing a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2)); *see also United States v. Handlon*, 97 F.4th 829, 834 (11th Cir. 2024). The defendant must first "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Harris*, 989 F.3d 908, 909–10 (11th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). The exhaustion requirement is "mandatory, in the sense that a court must enforce the rule if a party properly raises it." *Id.* at 911 (internal quotation marks and citation omitted).

As an initial matter, Defendant has failed to exhaust his administrative remedies. (Doc. 23 at 6–7). Though he briefly states that he has filed other motions for compassionate release and the "Warden in Terre Haute denied [his] motion," he provides no documents supporting his assertions. (Doc. 18 at 1). But even if he had exhausted his administrative remedies, the Court would nonetheless deny his motion.

Defendant's sole argument is that his sentence should be reduced because he has a blood clot in his heart and will need an operation. (Doc. 18 at 1). He asks, "what recourse do I take to correct this matter???"[1] (*Id.* at 2).

[1] The Court doubts this filing even rises to the level of a motion for compassionate release but nevertheless analyzes it as such.

However, section 1B1.13(b)(1) allows a sentence reduction based on the defendant's medical circumstances only when:

> (A) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>
> > (i) suffering from a serious physical or medical condition,
> > (ii) suffering from a serious functional or cognitive impairment, or
> > (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> (D) The defendant presents the following circumstances—
>
> > (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> > (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or

> death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
> (iii) such risk cannot be adequately mitigated in a timely manner.

USSG §1B1.13(b)(1).

For these reasons, Defendant's statement that he has a blood clot and will need an operation does not warrant the relief he seeks. The Government attaches copious medical records to its response. The most recent records are telling. In April 2026, Defendant had an appointment with United Surgical Associates for a vascular consultation. (Doc. 23-7 at 100 (Ex. G)). The medical professional noted that Defendant presented for evaluation of aortic root dilatation and descending thoracic aneurysm, which were previously monitored by another clinic. She noted that the areas were "below the threshold for repair" and referred him to see Cardiothoracic Surgery at UK in the next 6–12 months. (*Id.* at 102).

Further, a recent BOP Health Services Consultation Request form notes that Defendant's level of care is "Medically Necessary – Non-Emergent" and "Priority: Routine." (Doc. 23-8 at 2). Defendant has not shown that his condition is terminal, that he cannot care for himself in the correctional environment, or that his condition requires long-term or specialized care that

he is not receiving and without which he is at risk of serious deterioration in health or death as contemplated by § 1B1.13(b)(1).

Additionally, the Government cites authority supporting the conclusion that Defendant's perfunctory reference to a blood clot does not constitute an extraordinary and compelling circumstance that entitles him to compassionate release. (Doc. 23 at 8 (citing *United States v. Montero*, 842 F. App'x 1007, 1009 (6th Cir. 2021) (blood clotting insufficient); *United States v. Verclas*, No. CR GJH-19-0402, 2022 WL 3599144, at *3 (D. Md. Aug. 23, 2022) (finding no extraordinary and compelling reason despite aortic aneurysm and other conditions))); *see also* *United States v. Keys*, No. 20-12318, 2021 WL 3012657, at *1–3 (11th Cir. July 16, 2021) (finding that poor circulation, asthma, emphysema, cataracts, and blood clots were not sufficiently serious or debilitating to justify a reduced sentence).

Because Defendant has not cleared the § 3582(c)(1)(A)(i) threshold for "extraordinary and compelling reasons" to reduce his sentence, the Court need not analyze the § 3553(a) factors. Thus, the Court denies his motion.

Accordingly, it is

**ORDERED**:

Defendant Larry White's construed motion for compassionate release (Doc. 18) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on August 25, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record